**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Husam SAMARAH, aka Husam Abdulkarim, aka Ken,**
**Defendant–Appellant.**

No. 03–50263.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2006.*

Filed Oct. 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Curtis A. Kin, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jeff Dominic Price, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM **

Husam Samarah (Appellant) appeals his conviction for carjacking under 18 U.S.C. § 2119. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

■ When the district court considered Appellant's carjacking conduct in sentencing him for bank fraud, Appellant was not placed in jeopardy of being punished for carjacking. The Supreme Court has clearly stated that a defendant is not punished for double jeopardy purposes when conduct is considered for sentence enhancement; rather, a defendant is punished only for the offense of conviction. *See Witte v. United States*, 515 U.S. 389, 402–03, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) ("To the extent that the Guidelines aggravate punishment for related conduct outside the elements of the crime . . ., the offender is still punished only for the fact that the

*present* offense was carried out in a manner that warrants increased punishment, not for a *different* offense. . . ."). We have applied the rule of *Witte* even where a defendant was charged with and acquitted of the "different offense" before sentencing in the "present offense." *United States v. Gamez*, 301 F.3d 1138, 1148 (9th Cir.2002). We see no reason not to do so here. *Witte* survives *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker*, 543 U.S. at 240, 125 S.Ct. 738 (concluding that *Witte* is not inconsistent with its holding); *Gamez*, 301 F.3d at 1149–50 (applying *Witte* post-*Apprendi*).

■ The doctrine of res judicata, which bars retrial of the same cause of action, does not apply here. *See United States v. Stearns*, 707 F.2d 391, 394 (9th Cir.1983). Collateral estoppel, which bars relitigation of matters "actually litigated and decided in an earlier prosecution," does not apply here because the elements of carjacking were not decided in the bank fraud case. *See id.*

■ Appellant's challenge to the sufficiency of the evidence requires us to determine if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We conclude that a rational factfinder could find the evidence that Appellant, along with two other individuals, kicked and hit the victim with enough force to knock him to the ground and render him dazed was sufficient to estab-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lish beyond a reasonable doubt Appellant's intent to cause "serious bodily harm" under 18 U.S.C. § 2119.

As the government concedes, the record in this case requires a limited remand under *Ameline*. *See* 409 F.3d at 1078–79.

We reject Appellant's motion requesting relief pursuant to *United States v. Gonzales–Lopez*, 126 S.Ct. 2560 (2006), which does not apply here. *See id.* at 2561. Finally, we fail to find merit in Appellant's filing of July 5, 2006.

**AFFIRMED IN PART, AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.